

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-4704
Re: Did Senate Bill
165 and amendments
amend Article 696 and
give to the Banking
Department the power
or authority to super-
vise the deposit and
withdrawal of securities
placed under the provi-
sion of Article 696?
And other related ques-
tions?

Your request for an opinion on the above matters
has been received and carefully considered. We quote
from said request as follows:

"We are enclosing a copy of a letter writ-
ten by the Honorable H. A. Jemison, Deputy Bank-
ing Commissioner of Texas, which sets out in de-
tail the various changes made by that department,
with reference to the method of handling - and
the reasons therefor - of all deposits and with-
drawal of securities made by the Great American
Life Underwriters, Inc., under provisions of
Senate Bill No. 165 enacted in 1931.

"You will note from this letter, that the
Banking Department, under a previous administra-
tion, assumed supervision of securities deposit-
ed under Article 696 of the Revised Civil Stat-
utes of 1925 under the belief that Senate Bill
No. 165 and amendments of the 45th and 46th Leg-
islature - gave the Banking Department the au-
thority to act in a supervisory capacity for
such deposits. You will also note that the

present Banking Commissioner has reached the
conclusion that this was in error; therefore,
that department no longer exercises such
powers.

"During the time the Banking Department
exercised supervision over securities deposited
under Article 696 by the Great American Life
Underwriters, Inc., the deposit was increased
to $100,000.00 U. S. Treasury Bonds and these
bonds have been withdrawn until the present de-
posit is composed of the following securities:

| | |
|---|---:|
| "Baker Hotel, Dallas, First Mortgage Sinking Fund Bonds of 1950, 5% | $10,000.00 |
| Great Northern Railway Company General Mortgage 4% Convertable Bonds | 10,000.00 |
| Kentucky Utilities Company 4½% Sinking Fund Mortgage Bonds, | 5,000.00 |
| Mississippi Power & Light First Mortgage Gold Bonds, 5%, | 25,000.00 |
| Pacific Power & Light Company First Mortgage & Prior Lien Gold Bonds, 5%, | 10,000.00 |
| Southern Pacific Company ten Year 3-3/4% Secured Bonds, | 10,000.00 |
| Virginia Public Service Company 5% Sinking Fund De-bentures | 25,000.00 |
| U. S. 2½% Treasury Bonds | 5,000.00 |
| | $100,000.00 |

In order to determine the duties and responsi-
bilities of the State Treasurer in this connec-
tion, we kindly ask for an opinion on the follow-
ing points:

"1.  Did Senate Bill No. 165 and amend-
ments, amend Article 696 and give to the Bank-
ing Department the power or authority to super-
vise the deposit and withdrawal of securities
placed under provision of Article 696?

"2. Since the State Treasurer has no
method of securing the market value of the
securities now on deposit under Article 696,
except from the periodic examination of the
above Great American Life Underwriters, Inc.
by the State Banking Department, do you con-
sider the above as acceptable collateral for
the protection required by the statutes govern-
ing such deposits?

"3. Is it necessary for the State Treas-
urer to obtain the written approval of the At-
torney General of all securities deposited
under Article 696?

". . . . . ."

Article 696 of the Revised Civil Statutes of
Texas is as follows:

"Each corporation, company or individual,
doing business in this State as a bond invest-
ment company, or company to place or sell bonds,
certificates or debentures on the partial pay-
ment or installment plan, shall deposit with
the State Treasurer, in cash or securities ap-
proved by said Treasurer, the sum of five thou-
sand dollars, and shall deposit semi-annually
with said Treasurer, in cash or securities, to
be approved by said officer, ten per cent of
all net premiums received until the sum deposited
amounts to one hundred thousand dollars.
Acts 1897, p. 118; G. L. Vol. 10, p 1172."

Article 699 is as follows:

"On request of any such company, the State
Treasurer is authorized to permit such company
to interchange cash for the securities or secur-
ities for the cash deposited by such company
under the provisions of this title with said
Treasurer, such securities always to be approved
by said Treasurer on the written advice of the
Attorney General.  Acts. 1901, p 282."

The only part of Senate Bill No. 165 and amend-
ments thereto, which is Article 1524a of Vernon's Annotated

Texas Statutes, that throws any light on the question asked by you is the following part of Section 7 of said Act:

". . . . .

"All cash or securities left with the State Treasurer in compliance with Article 696, Revised Civil Statutes of 1925, shall be considered as part of the collateral required under this section."

". . . . ."

It is the opinion of this department, therefore, that question No. 1 asked by you should be answered in the negative and No. 3 in the affirmative. We are unable to definitely answer question No. 2 asked by you, for the reason that this department has no information as to the value of the various securities listed by you, but it is the opinion of this department, that it was intended by the passage of this law to require the companies affected thereby to deposit securities that had an actual value of the sums required thereby. If the values placed on such securities by the Banking Department cannot be relied upon and you desire further information in regard thereto, some way should be found to determine the value of same.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/ Jas. W. Bassett
Assistant

JWB:db:vdc

APPROVED MAR 17, 1943

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN